MARY E. COONEY, Respondent, v. CORNELIA S. BLODGET, Appellant.— In an action to recover damages for personal injuries alleged to have been sustained by plaintiff while a passenger in an automobile owned by defendant, order denying defendant's motion to vacate the notice of examination before trial modified on the facts to the extent of vacating the notice as to items 4 and 5. As thus modified, the order is affirmed, without costs, the examination to proceed on five days' notice. Items 4 and 5 refer to the extent of plaintiff's injuries and damages sustained by her. It was an improvident exercise of discretion to permit an examination as to these items. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

IRVING COOPER, Appellant, v. RAYRO REALTY CORPORATION and Another, Defendants, and DAVID GOLDSTEIN, Respondent.— Judgment creditor's action to set aside the alleged fraudulent transfer of real property and to decree that the defendants hold the property as constructive trustees. Plaintiff filed a lis pendens. Upon motion of respondent Goldstein, the lis pendens was canceled upon his filing a bond in the amount of $7,500, but the court also directed that the bond be conditioned upon plaintiff's establishing against the property a lien, which at the time of the filing of the lis pendens was superior to the interest of the defendant Goldstein in the property. Order modified on the law by striking from the first ordering paragraph everything following the words " judgment herein " down to and including the words " in said property." As thus modified, the order is affirmed, with ten dollars costs and disbursements to appellant. The order should have been limited to substituting the bond for the property. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

COUNTY SECURITIES, INC., Respondent, v. WARWICK PROPERTIES, INC., and Another, Defendants, and CITY OF MOUNT VERNON, Appellant.— Action to recover money paid by plaintiff to the appellant in the purchase of a transfer of tax lien at a public tax lien sale. Order granting plaintiff's motion for judgment on the pleadings, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [176 Misc. 272.]

FLORAL PARK BANK AND TRUST COMPANY, Respondent, v. MASHOLIE-SALVATOR Co., INC., and Others, Defendants; CHARLES MASHOLIE, Appellant.— In an action on a promissory note against appellant as an irregular indorser, order denying appellant's cross-motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to the Real Property Required for the Widening of Hamilton Avenue from Henry Street to 3rd Avenue, Prospect Avenue from 3rd Avenue to 4th Avenue, 3rd Avenue from Prospect Avenue to 39th Street and from 62nd Street to 63rd Street; 18th Street from 3rd Avenue to a Line 175 Feet Northwesterly; 19th Street from 3rd Avenue to a Line 100 Feet Northwesterly; and a Public Park within the Block Bounded by 3rd Avenue, 65th Street, 2nd Avenue and 64th Street; and a Public Park within the Area Bounded by 18th Street, 3rd Avenue, 19th Street and Gowanus Canal; and a Public Park within the Area

Bounded by Gowanus Canal, Hamilton Avenue, 3rd Avenue and 18th Street; and a Public Park Bounded by 2nd Avenue, 55th Street, a Line about 200 Feet East of 2nd Avenue and 56th Street, in the Borough of Brooklyn, City of New York, in Connection with the Construction of an Elevated Parkway from Henry Street to Owls Head Park, Together with the Necessary Appurtenances and Approaches Thereto, and for the Construction of a High Level Bridge Across Gowanus Canal, as Selected by the Triborough Bridge Authority, and Approved According to Law. FRED J. HORNKOHL and HELEN A. HORNKOHL, Appellants; THE CITY OF NEW YORK, Respondent.— In a condemnation proceeding, final decree, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

In the Matter of the Application of SIMON A. DUCHAN and Others, Appellants, for an Order, Pursuant to Article 78 of the Civil Practice Act, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and JAMES MARSHALL and Others, Constituting Said Board of Education, and Others, Respondents.— Order granting appellants' motion for reargument of their motion to adjudge respondents guilty of contempt of court and, upon reargument, adhering to the original decision, affirmed, with ten dollars costs and disbursements. No opinion. Appeal from original order dismissed, without costs. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Judicial Settlement of the First Intermediate Account of Proceedings of MORRIS SALOMON and Others, as Executors of the Last Will and Testament of SAMUEL FRANK, Deceased. EMMA SONN and Others, Appellants; HENRY HOFHEIMER and CENTRAL HANOVER BANK AND TRUST COMPANY, as Co-Executors, etc., of SAMUEL FRANK, Deceased, and Others, Respondents.— Judicial settlement of the account of proceedings of executors. Decree of the Surrogate's Court, Westchester County, and two orders of said court dated November 1, 1940, in so far as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

T. ORCHARD LISLE, Respondent, v. MONA PALMER, Also Known as Mrs. RUSSELL PALMER, as Executrix and/or Trustee under the Last Will and Testament of RUSSELL PALMER, Deceased, and as Executrix and/or Trustee under the Last Will and Testament of RUSSELL PALMER, Deceased, Doing Business under the Name and Style of "WORLD PETROLEUM" and/or the "ESTATE OF RUSSELL PALMER," Appellant.— Appeal by defendant in her capacity as a foreign executrix-trustee from an order denying her motion to vacate and set aside the service of the summons upon her in her representative capacity, upon the ground that the court has no jurisdiction over her as a foreign executrix-trustee. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARION A. PARHAM, Appellant, v. CHARLES K. HELLEBUSH, JR., and BLAIR A. HELLEBUSH, Respondents.— Action to recover damages for personal injuries alleged to have been sustained through the negligence of defendants. Order denying plaintiff's motion for examination of defendants before trial modified on the law and the facts by striking out everything following the words "hereby is" and inserting in place thereof the following: "granted as to items 3 and 4, and in other respects denied." As so modified, the order, in so far as appealed from, is